UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21696-CIV-ALTONAGA

FERNANDO CELSO
ALVAREZ GALLIMORE,

      Petitioner,

v.

WARDEN, KROME
NORTH SPC, *et al.*,

      Respondents.[1]

_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Fernando Celso Alvarez Gallimore's

Petition for Writ of Habeas Corpus [ECF No. 1]. Petitioner challenges his detention at the Krome

North Service Processing Center ("Krome") in Miami, Florida. Respondent filed a Response [ECF

No. 5]; to which Petitioner filed a Reply [ECF No. 7]. The Court has reviewed the record, the

parties' written submissions, and applicable law. For the following reasons, the Petition is denied.

### I. BACKGROUND

Petitioner is a Cuban national who has resided in the United States since 2019. (*See*

Pet. 3).[2] On May 15, 2019, the same day Petitioner entered the United States near El Paso, Texas,

---

[1] Petitioner names several Respondents, including the Warden of the Krome North Service Processing Center. (*See* Pet. ¶¶ 28–29). According to Respondents, the only proper party is the Warden of Krome (*See* Resp. 1 n.1 (alteration added)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"). Petitioner does not contest that assertion. (*See generally* Dkt.). Thus, the Court refers to a singular Respondent.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

he was detained by U.S. Department of Homeland Security ("DHS") officials. (*See id.*). On August 17, 2019, Petitioner was given a Notice to Appear ("NTA"), charging him with inadmissibility and describing him as "an alien present in the United States who has not been admitted or paroled." (*Id.*, Ex. 2, Exs. ("Composite Ex.") [ECF No. 1-2] 5–6). On September 19, 2019, Petitioner was released from custody after being granted bond by an Immigration Judge ("IJ") under 8 C.F.R. section 236.1(c). (*See* Pet. 3; *see also* Composite Ex. 8 (IJ bond order)). On January 18, 2023, four years after Petitioner's release from DHS custody, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal with the Executive Office for Immigration Review. (*See* Pet. 3; *see also* Composite Ex. 10).

On August 1, 2024, Petitioner was "encountered at the local jail after having been arrested for armed robbery with a firearm or deadly weapon" and taken into U.S. Immigration and Customs Enforcement ("ICE") custody.[3] (Resp. 2; *see also id.*, Ex. A, R. of Deportable/Inadmissible Alien [ECF No. 5-1] 2). Thereafter, Petitioner was released from ICE custody on his own recognizance. (*See* Resp. 2; *see also generally id.*, Ex. E, Order of Release on Recognizance [ECF No. 5-5]). On October 30, 2025, Plaintiff was re-detained by ICE in Miramar, Florida, following a scheduled check-in appointment. (*See* Pet. 3–4; *see also* Resp. 2). Petitioner was subsequently detained at the Federal Detention Center in Miami, Florida, before being transferred to Krome. (*See* Pet. 4).

Petitioner contends that he did not commit any new criminal offenses, was not subject to a judicial warrant, and did not receive a pre-deprivation hearing prior to his October 2025 re-detention. (*See id.* 4). Upon being re-detained, Petitioner filed three motions for custody redetermination on November 18, 2025; January 6, 2025; and January 15, 2026, respectively. (*See* Resp. 2–3). On March 10, 2026, an IJ denied Petitioner's custody redetermination requests, stating

---

[3] In his Reply, Petitioner states he was never charged for armed robbery, as "the State Attorney declined to file." (Reply 8).

it lacked jurisdiction to adjudicate such a request considering the Board of Immigration Appeals' ("BIA['s]") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025).  (*See* Pet. 4; *see also* Resp. 3).  Petitioner remains detained at Krome.  (*See* Pet. 4; *see also* Resp. 3).

On March 14, 2026, Petitioner filed the Petition, requesting the Court to issue a writ of habeas corpus requiring Respondent to either release Petitioner or afford him a bond hearing before a neutral officer.  (*See* Pet. 20).  Petitioner argues that administrative exhaustion is not required because the result of any administrative bond appeal is a foregone conclusion in light of *Yajure Hurtado* (*see id.* 5–6), that Petitioner's seizure at his check-in appointment violated the Fourth Amendment because ICE lacked probable cause to believe he had committed a crime and failed to articulate reasonable suspicion of an immigration-related violation at the time of the stop (*see id.* 6–8), that ICE is improperly detaining Petitioner under 8 U.S.C. section 1225(b)(2) because Petitioner's detention is governed by section 1226(a) (*see id.* 8–16), that Respondent violated the Accardi doctrine by declining to exercise jurisdiction over Petitioner's bond eligibility notwithstanding that Petitioner's detention is governed by section 1226(a) (*see id.* 17–18), and that Respondent violated the Fifth Amendment by re-detaining Petitioner without a pre-deprivation hearing after previously releasing him on his own recognizance (*see id.* 18–20).

Respondent asserts that Petitioner is subject to expedited removal proceedings under 8 U.S.C. section 1225(b)(1), and that 8 U.S.C. section 1252(a)(2)(A) divests the Court of jurisdiction to review Petitioner's placement in such proceedings.  (*See* Resp. 3–9).  Respondent also denies Petitioner's claim that his current detention violates the Fifth Amendment.  (*See id.* 9–10).

## II.  LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*,

553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.  DISCUSSION

Respondent contends that because Petitioner is detained under 8 U.S.C. section 1225(b)(1), section 1252(a)(2)(A) strips the Court of subject matter jurisdiction to review the Petition.  (*See* Resp. 3–8); *see also* 8 U.S.C. § 1252(a)(2)(A)(i), (iii).  Petitioner insists the Court retains jurisdiction to review whether, in the first instance, the Government's reliance on section 1225(b)(1) was statutorily authorized.  (*See* Reply 2–3).  Respondent has the stronger argument.

Under section 1225(b)(1), "[i]f an immigration officer determines that an alien . . . is inadmissible . . . , the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution."  8 U.S.C. § 1225(b)(1)(A)(i) (alterations added).  Under section 1225(b)(1), the term "alien" means as "an alien who . . . has not been admitted or paroled into the United States, and who has not affirmatively shown . . . that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility[.]"  *Id.* § 1225(b)(1)(A)(iii)(II).[4]

---

[4] By Respondent's own account, "[a]n alien . . . who satisfies an immigration officer that he or she has been continuously physically present in the United States for the 2-year period immediately prior to the date of determination of inadmissibility, is not placed in expedited removal under 8 U.S.C. [section] 1225(b)(1)[.]" (Resp. 4 (alterations added)).  Petitioner contends that he "was released on bond in September 2019, supervised for over six years, and has complied with every condition of his release."  (Reply 8).  As explained, Petitioner's facial challenge to the applicability of section 1225(b)(1) in his case falls squarely into the jurisdictional bar to district court review set forth in section 1252(a).

Section 1252(a), in turn, contains a jurisdiction-stripping provision applicable to immigration actions arising under section 1225(b)(1). *See id.* § 1252(a)(2). Section 1252(a)(2) reads:

(2) MATTERS NOT SUBJECT TO JUDICIAL REVIEW

(A) Review relating to section 1225(b)(1)

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review [—]

(i) except as provided in [section 1252(e)], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,

. . . .

(iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]

*Id.* §§ 1252(a)(2)(A)(i), (iii) (alterations added).

Additionally, under section 1252(a), federal courts of appeals provide the exclusive forum through which petitioners may seek review of expedited removal orders. *See, e.g.*, *id.* § 1252(a)(2)(D) ("Nothing in . . . this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (alteration added)); *id.* § 1252(a)(5) ("Notwithstanding any other provision of law . . . including [28 U.S.C.] section 2241 . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an [expedited] order of removal[.]" (alterations added)). Congress carved out only a narrow exception, in section 1252(e), permitting district courts to conduct limited habeas corpus review of expedited removal orders under specified circumstances. *See id.* § 1252(e)(2). The review

permitted under section 1252(e) is confined to three tightly circumscribed factual questions: (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under section 1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *See id.* §§ 1225(e)(2)(A)–(C).

Outside the narrow window of review permitted by section 1252(e)(2), district courts may not review challenges pertaining to the implementation or operation of expedited orders of removal, or to the applicability of section 125(b)(1) to individual aliens. *See id.* § 1252(a)(2)(A)(i), (iii). And courts may not "enter declaratory, injunctive, or other equitable relief" with respect to such orders. *Id.* § 1252(e)(1)(A).

The statutory framework governing this action is clear and unambiguous. *See United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001) ("In statutory construction, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results." (citation and quotation marks omitted)). Petitioner's challenge relates to his expedited removal order under section 1225(b)(1) and subsequent detention, and he does not suggest that any of the exceptions in section 1252(e) applies to him. (*See generally* Pet; Reply). Therefore, because the Petition, at its core, challenges the propriety of Petitioner's expedited removal order under section 1225(b)(1), section 1252(a)(2) deprives the Court of subject matter jurisdiction. *See Zamirov v. Olson*, No. 25-cv-6540, 2025 WL 2618030, at *2 (N.D. Ill. Aug. 29, 2025) ("[T]his court's review of [petitioner's] habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of [section] 1252(a)(2)(A)(i) to the extent he seeks review of the expedited removal order." (alterations added)); *see also Pineda v. Customs & Border Prot.*, 544 F. App'x 925, 926 (11th Cir. 2013) (affirming district court's dismissal of habeas petition for lack

of jurisdiction and holding that the "INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order").

As the Court finds Respondent's first argument dispositive, it does not reach its remaining arguments. *See Busby v. I.R.S.*, No. 96-6566-Civ, 1997 WL 364507, at *2 (S.D. Fla. Feb. 23, 1997) ("Because the court finds this argument dispositive, it does not address Defendant's other arguments.").

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner, Fernando Celso Alvarez Gallimore's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED** without prejudice.  The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 10th day of April, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:       counsel of record